UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARYN MURPHY and CHRIS LANDON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:10-cv-0530 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Knowles |
| SERGY LAZAREV, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the court are two motions related to the court's August 22, 2012 Order (Docket No. 58) granting summary judgment to the defendant, Sergey Lazarev ("Lazarev"). Lazarev has filed a Motion for Attorneys' Fees (Docket No. 60), to which the plaintiffs, Taryn Murphy and Chris Landon, have filed a Response in opposition (Docket No. 67). The plaintiffs have filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59 (Docket No. 64), to which Lazarev has filed a Response in opposition (Docket No. 68). For the reasons stated herein, the Motion to Alter or Amend will be granted, the plaintiffs will be permitted to pursue their copyright claims against Lazarev, and Lazarev's Motion for Fees will be denied as moot.

## BACKGROUND

The background facts of this case are set forth in the court's previous Memorandum concerning Lazarev's Motion for Summary Judgment.[1] Briefly, the plaintiffs are two Nashville-based songwriters who copyrighted a song called "Almost Sorry" (hereinafter "*Almost Sorry*").

---

[1] *See Murphy v. Lazarev*, Case No. 3:10-cv-530, 2012 WL 3637788, at *1-*2 (M.D. Tenn. Aug. 22, 2012) (Docket No. 57 in this case).

1

At some point in 2006 or 2007 – an ambiguity that is relevant for the reasons described herein – they licensed that song to Style Records, Ltd. ("Style Records"), a Cyprian production company operating in Moscow, Russia. One of the two licensing agreements in the record before the court specified that the license would last for a period of five years, in return for promised royalty payments to the plaintiffs from Style Records. Style Records in turn purported to sub-license the song to Lazarev, a Russian pop star, who recorded and performed *Almost Sorry*. Although the song became popular, the plaintiffs received only negligible royalty payments from Style Records. The plaintiffs thereafter sued Lazarev, contending that (1) he was liable for Style Records' failure to remit royalties and (2) he was liable under Russian law and United States law for violating the plaintiffs' copyright in *Almost Sorry*.[2]

After Lazarev moved to dismiss the Amended Complaint, the plaintiffs filed an opposition that attached certain evidentiary materials outside the pleadings. Pursuant to Rule 12(d), the court treated the motion as a Rule 56 motion for summary judgment (hereinafter, "Converted Rule 56 Motion") and granted the parties additional time to submit relevant evidentiary materials. After Lazarev submitted additional materials,[3] the record contained the following relevant evidence:

- The Declaration of Taryn Murphy (Docket No. 46), in which Murphy described her fruitless efforts to collect royalty payments from Style Records and averred that Lazarev had been performing *Almost Sorry* without a right to do so, in violation of the plaintiffs' copyright. (*Id.* ¶ 16);

---

[2]The plaintiffs originally sued both Lazarev and Style Records. (*See* Docket No. 1, Compl.) The plaintiffs voluntarily dismissed their claims against Style Records and filed an Amended Complaint against Lazarev only. (*See* Docket No. 31, Am. Compl.)

[3]The plaintiffs did not introduce additional evidentiary materials in response to the court's order.

2

- The Affidavit of Ekaterina A. Canes (Docket No. 47), in which Canes, apparently acting as a Russian translator, identified several internet sources that purportedly referenced Style Records going bankrupt in or about 2010. These references included a source quoting Lazarev as acknowledging Style Records' demise and stating that he had retained a new production firm;

- The Declaration of Alexander Pedchenko (Docket No. 50), in which Pedchenko, a Russian translator, attached translations of Russian records purporting to reflect royalty payments to the plaintiffs;

- The Declaration of Ilya S. Mikhailenko (Docket No. 51), in which Mikhailenko, consultant for Lazarev's Russian-based legal counsel, attached Russian and Cyprian records purporting to establish that Style Records remained a functioning company;

- The Declaration of Sergey Lazarev, in which Lazarev described, *inter alia*, his contractual relationship with Style Records and the nature of compensating songwriters, artists, and professional copyright management organizations in Russia. In most relevant part, Lazarev attached: (1) a Russian version of a producer's agreement between Lazarev and Style Records (Lazarev Decl., Ex. A.) ("Producer's Agreement"), along with a partial English translation thereof (*id.*, Ex. B), (2) an untranslated Supplemental Producer's Agreement between Lazarev and Style Records (*id.*, Ex. C), and (3) a November 1, 2006 signed version of an agreement between the plaintiffs and Style Records (*id.*, Ex. D) (hereinafter "11/1/06 Licensing Agreement"), which Lazarev characterized as a "license" (*id.* ¶ 6);

- An unsigned version of a licensing agreement between the plaintiffs and Style Records, dated November 20, 2006 (Docket No. 1, Ex. 2) (hereinafter "11/20/06 Licensing Agreement"), which purported to a convey a license to *Almost Sorry* and which the plaintiffs alleged in their Amended Complaint was executed in "mid-2007" (Am. Compl. ¶ 6.)

Based on these evidentiary submissions, including Lazarev's representations about the untranslated portions of the record, the court granted summary judgment to Lazarev, finding that he was not liable for Style Records' contractual breach and that the plaintiffs had not provided sufficient evidence to establish a copyright violation.

Following that judgment, each party has filed a motion seeking further relief. The

3

plaintiffs argue that, pursuant to Fed. R. Civ. P. 59, the court should rescind its previous judgment as to the copyright claims.[4] In support of their motion, the plaintiffs have filed complete translations of the Producer's Agreement and Supplemental Producer's Agreement. Lazarev argues that (1) the court should not address these arguments because they were not properly preserved, and (2) the arguments are wrong on the merits, in any case. Separately, Lazarev argues that, because the court rendered a judgment in his favor, Russian law entitles him to collect attorneys' fees and other litigation expenses.

## STANDARD OF REVIEW

"Under Rule 59(e), a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Crawler, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2010)). A motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). However, a district court ultimately has considerable discretion in deciding whether to grant a Rule 59(e) motion. *Id.*; *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district, reversible only for abuse.").[5]

## ANALYSIS

---

[4]The plaintiffs do not appear to challenge the court's holding that Lazarev is not directly liable for Style Records' breach of contract. Therefore, the court construes the plaintiffs' position as seeking only partial reconsideration, limited to the court's dismissal of the copyright claims.

[5]Because the court ultimately finds that the Motion for Fees is moot, the court will not address the standard of review applicable to that motion.

4

## I. Motion to Alter or Amend

### A. Whether the Court Should Address the Plaintiffs' Arguments

The plaintiffs have consistently asserted that Lazarev violated and continues to violate their copyright to *Almost Sorry*. However, the plaintiffs' theories as to *why* Lazarev does not have a valid sub-license to *Almost Sorry* have been less consistent. In opposing the Converted Rule 56 Motion, the plaintiffs argued that the license (and Lazarev's sub-license) had expired as a matter of law because of Style Records' failure to make royalty payments or because of Style Records' purported bankruptcy, but the plaintiffs did not squarely argue that the license with Style Records had expired by its own terms. Also, after receiving the partial translation of the Producer's Agreement and the untranslated Supplemental Producer's Agreement, the plaintiffs did not argue that those agreements conveyed no sublicense in the first place. Indeed, before Lazarev filed copies of those agreements, the plaintiffs appear to have assumed that Lazarev had possessed a valid sublicense for some period of time – which had since elapsed.

The plaintiffs now argue that their licensing agreement with Style Records expired by its own terms no later than November 20, 2011, because the (unsigned) version of the 8/20/06 Licensing Agreement was for a five-year term. On the merits, Lazarev argues that the plaintiffs are wrong and that the license expired, at the earliest, at an unspecified point in "mid-2012," five years after the unspecified date in "mid-2007" when, according to the Amended Complaint, the plaintiffs executed the 8/20/06 Licensing Agreement. The plaintiffs also argue that, based on complete translations of the previously untranslated portions of the Producer's Agreement and the Supplemental Producer's Agreement (*see* Docket No. 65), Lazarev never received a valid sublicense in the first place. On the merits, Lazarev argues, as he previously did in his affidavit,

that these agreements conveyed a sublicense to *Almost Sorry*.

Although the court is typically loath to revisit a judgment based on arguments that likely could have been raised earlier, the particular circumstances of this case warrant reconsideration of the court's previous holding concerning the copyright claims. As an initial matter, Lazarev certainly has been on notice since the Complaint was filed that the plaintiffs believe he has no right to continue to perform, record, and/or profit from *Almost Sorry* and that he has been violating and continues to violate the plaintiffs' copyright. Although it is not clear to the court what knowledge Lazarev possessed with respect to the duration of Style Records' license, the plaintiffs' lawsuit at least put him on inquiry notice of the possibility that Style Records' license had lapsed – for whatever reason. Indeed, Lazarev himself has produced a copy of the 8/1/06 Licensing Agreement between Style Records and the plaintiffs, suggesting that Lazarev had – at least as of the date of filing his declaration – some measure of knowledge of the licensing relationship between the plaintiffs and Style Records.[6]

Moreover, the plaintiffs' arguments relating to the Producer's Agreement and the Supplemental Producer's Agreement are based on translations of previously untranslated portions of the record. Lazarev is correct that the plaintiffs could have retained a translator to translate these records before the court rendered its judgment. Nevertheless, Lazarev chose to provide only partial translations and to make sworn representations about the context of those records, including untranslated portions thereof. Based on one of those representations, the court construed Lazarev as averring that the (untranslated) Supplemental Producer's Agreement

---

[6]Moreover, the court is cognizant that it may have been difficult for the plaintiffs to fully flesh out their factual theories in the limited frame afforded to them after the Rule 12(d) conversion. In this regard, the plaintiffs could have sought relief under Fed. R. Civ. P. 56(d).

6

specifically referenced *Almost Sorry*, which turns out not to be the case. The court is not suggesting that Lazarev made any misrepresentations, but this ambiguity at least undermines Lazarev's argument that his affidavit and associated untranslated attachments placed the plaintiffs on sufficient notice of all challenges that could be made to his production agreements with Style Records. Thus, particularly where the plaintiffs have identified the same ambiguity in these underlying agreements with which the court is now concerned, the court is persuaded that it is appropriate to address the plaintiffs' challenge to these agreements on the merits.[7]

Having made this determination, the parties are advised that the court may not be this lenient again with respect to post-*hoc* translations of Russian records filed with the court. Indeed, the court strongly encourages the parties to agree on some sort of protocol for translating relevant records, or at least for presenting those materials to the court in an-agreed upon form. This issue extends to relevant portions of Russian law, with respect to which the parties have tended to submit multiple and/or competing translations.[8]

B.     The Merits of the Plaintiffs' Arguments

Having reexamined the complete record, the court is persuaded that summary judgment on the plaintiffs' copyright claims is not warranted at this stage and that the plaintiffs should have the opportunity to conduct discovery on several crucial factual issues before the court renders

---

[7]Moreover, even if the plaintiffs had assumed – before analyzing the translated documents – that Lazarev possessed a valid sublicense, that assumption is not an admission of fact, and discovery could demonstrate that the facts are otherwise.

[8]Of course, if the parties do not agree to a protocol, or if they simply disagree about the "correct" translation of a particular record, they are entitled to present the materials to the court in whatever form they believe is appropriate. Be that as it may, it would certainly streamline the court's analysis of disputed legal or factual issues to have a single, coherent, and complete translation of each disputed document and/or relevant provisions of Russian law.

7

final judgment on Lazarev's challenges to the merits of the plaintiffs' copyright claims.

With respect to the license conveyed by the plaintiffs to Style Records, at least two important details are unclear to the court: (1) when the plaintiffs conveyed a license to Style Records and when that license expired; and (2) what the relationship is between the 11/1/06 Agreement and the unsigned 11/20/06 Agreement. The 11/20/06 Agreement purports to convey a license for a five-year term running from the date of signature, but the record contains no signed version of the agreement. Furthermore, without more context, it is unclear to the court what rights the 11/1/06 Agreement was designed to convey, nor is it self-evident to the court what the relationship is between that agreement and the rights subject to the 11/20/06 Agreement (whenever it became effective).[9] Complicating matters further, the 11/1/06 Agreement contains no time limitation, and Lazarev now seems to suggest that the court should therefore construe the license – and the sublicense – as perpetual. At any rate, the date on which the license expired by its own terms – or whether it never expired at all – is a crucial factual detail that may be determinative of whether and when Lazarev violated the plaintiffs' copyright to *Almost Sorry*.

Plaintiffs' counsel should have brought these issues to the court's attention earlier. Nevertheless, for the reasons stated above, and particularly where the record suggests that Lazarev may actually be violating the plaintiffs' copyright, the court finds that it would be manifestly unjust to grant summary judgment to Lazarev on the merits without a complete factual record and/or a more thorough understanding of the relevant contractual relationships.

---

[9]The 11/1/06 Agreement appears to contain, in its original form, parallel Russian and English translations. The English translation is awkwardly worded, making it difficult to interpret without further context. For example, the agreement appears to characterize Style Records as "being the owner of the copyright to record [*Almost Sorry*]." As the court understands the other evidence in the record, that statement is incorrect.

8

Also, having reviewed the complete translations of the Producer's Agreement and Supplemental Producer's Agreement – which the court did not possess until after it rendered its judgment – the court finds that the nature of the sub-licensing arrangement between Lazarev and Style Records also warrants discovery. The sub-licensing agreements do not actually mention the song *Almost Sorry*. Although Lazarev has offered a potentially reasonable explanation as to the relationship between the sub-licensing arrangement and the song *Almost Sorry*, the plaintiffs should at least have the opportunity to probe Lazarev's representations about those documents and their legal effect. Accordingly, without expressing any opinion as to whether the existing record is sufficient to establish that Lazarev received a valid sublicense, the court finds that it would be manifestly unjust to deny the plaintiffs the opportunity to conduct further discovery regarding the nature of Lazarev's sublicense.

In sum, even though the court would not typically consider theories of liability that likely could have been argued before judgment was rendered, the circumstances of this case are exceptional. Although it may be that the record ultimately will not contain a triable material issue of fact, the court is persuaded that it should reserve judgment on the plaintiffs' copyright claims until the parties have had the opportunity to complete discovery.[10]

## II. Motion for Fees

Lazarev's motion for attorney's fees as the prevailing party is rendered moot by this court's reconsideration of its previous judgment with respect to the copyright claims. Nevertheless, the court notes that, in briefing the Motion for Fees, the parties did not sufficiently

---

[10]To be clear, the court makes no finding as to the sufficiency of Lazarev's arguments and factual materials concerning the license and sub-license to *Almost Sorry* The court simply finds that further discovery is warranted before the court renders a judgment.

9

address what law should govern the fee-shifting issue. Lazarev appears to have argued that the court should apply Russian law, simply because the contractual relationship between the *plaintiffs and Style Records* was governed by Russian law – but Lazarev was not a party to that licensing agreement in the first place. In the absence of a binding contract between Lazarev and the plaintiffs containing a Russian choice-of-law provision, Lazarev has not justified why the court should reflexively apply the Russian fee-shifting rule here to the non-contractual claims (*i.e.*, copyright claims) asserted against him by the plaintiffs.

Furthermore, the court is skeptical that the Russian rules of civil procedure would govern the assessment of attorney's fees in this court following a judgment, in any case. At any rate, this is an issue that could turn on a sensitive choice-of-law analysis that the parties have not adequately addressed in their submissions.[11]

## **SUMMARY**

For the reasons stated herein, the plaintiffs' Motion to Alter or Amend will be granted and Lazarev's Motion for Fees will be denied as moot. The court will permit the plaintiffs to pursue their copyright claims, but the court's judgment in favor of Lazarev on the plaintiffs'

---

[11]Indeed, several of the cases relied upon by Lazarev involved detailed choice-of-law analyses – not the reflexive application of a foreign jurisdiction's "fee-shifting" rule. *See, e.g.*, *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 211-220 (S.D.N.Y. 2006) (determining that fee-shifting was substantive for *Erie* purposes, that New York law conflicted with English law, that New York would enforce contractual choice of law provision specifying that English law would apply to substantive matters and that, under New York choice of law analysis, English rule was "substantive" and would therefore be enforced); *Cutler v. Cent. Bank of Am. Nat'l Trust & Sav. Ass'n*, 441 F. Supp. 863, 865-66 (N.D. Cal. 1977) (conducting California choice of law analysis). For their part, the plaintiffs here have simply asserted, without citation to any legal authority, that the court should not apply Russian law because it is "procedural." This is an *ipse dixit* argument that would not have assisted the court in determining whether to enforce the Russian fee-shifting rule.

10

breach of contract claims will remain in place. As set forth herein, Lazarev may re-raise his arguments concerning the copyright claims at an appropriate stage.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge