# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **TARYN MURPHY and CHRIS LANDON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 3:10-cv-0530** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **SERGY LAZAREV,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

The defendant has filed a Renewed Motion for Attorneys' Fees and Costs (Docket No. 112), to which the plaintiff has filed a Response in opposition (Docket No. 116), and the defendant has filed a Reply (Docket No. 119). For the reasons stated herein, the motion will be granted.

## BACKGROUND

The facts and procedural history of this case are set forth in previous opinions of this court (Docket Nos. 57, 69, and 95) and the Sixth Circuit (Docket No. 110), familiarity with which is assumed. The pending motion is the third (and final) iteration of defendant Sergey Lazarev's request for fees and expenses, which the plaintiffs have opposed each time. [1]

---

[1] After the court initially entered judgment in his favor, Lazarev filed his original Motion for Attorneys' Fees and Costs on September 11, 2012 (Docket No. 60), in support of which he filed a Memorandum of Law (Docket No. 61), the Declaration of Amy J. Everhart (Docket No. 62) (the "First Everhart Declaration"), and the Declaration of Ilya Mikhailenko (Docket No. 63). The plaintiffs filed a Response in opposition (Docket No. 67). The court vacated the judgment in part and denied Lazarev's motion as moot. (Docket Nos. 69 and 70.) Following discovery, the court granted summary judgment to Lazarev on the remaining claims. (Docket No. 96.) Lazarev filed a Renewed Motion for Fees and Costs (Docket No. 99), in support of which he filed the Second Declaration of Amy Everhart (Docket No. 101). The plaintiffs filed a Response

1

Under Fed. R. Civ. P. 54(d) and Local Rule 54.01, Lazarev seeks to recover $80,295.50 in fees and expenses incurred in defending the case, including fees and expenses incurred both (a) at the district court level and on appeal, and (b) relative both to his U.S.-based counsel (the Everhart Law Firm) and his Russia-based counsel (Yakovlev & Partners ("Y&P")).[2] (Docket No. 112 at p. 2.) The First, Second, Third, and Fourth Everhart Declarations attach itemized billing records for fees charged by the Everhart Law Firm and litigation expenses billed to Lazarev. The First and Second Mikhailenko Declarations attach itemized (and translated) billing records for fees charged by Y&P. Lazarev argues that he is entitled to recover these fees and expenses either (1) under Russian law, which awards fees to a prevailing litigant as a matter of right (*see* Articles 94, 98, and 100 of the Russian Civil Procedural Code, Grazhdanskii Protesessual'nyi Kodeks ("Rus. Civ. Proc. Code")), or (2) under the Copyright Act, which permits the district court discretion to award fees to a prevailing litigant (17 U.S.C. § 505) (hereinafter "§ 505").

---

in opposition (Docket No. 103), and Lazarev filed a Reply (Docket No. 108) that attached the Third Declaration of Amy J. Everhart (Docket No. 108, Attach. Nos. 3-6.). After the plaintiffs filed a Notice of Appeal (Docket No. 104), the court stayed Lazarev's renewed motion (Docket No. 109). After the Sixth Circuit affirmed this court's judgment (Docket No. 110), Lazarev filed the Renewed Motion for Attorneys' Fees and Costs (Docket No. 112), in support of which he has filed a Memorandum of Law (Docket No. 113), the Fourth Declaration of Amy J. Everhart (Docket No. 114), and the Second Declaration of Ilya Mikhailenko (Docket No. 115). The plaintiffs have a filed a Response in opposition (Docket No. 116), to which Lazarev has filed a Reply (Docket No. 119).

[2] As a general matter, Rule 54(d) already affords a district court discretion to award "costs" to a prevailing litigant. Under the Copyright Act, 17 U.S.C. § 505, a prevailing litigant may receive its "full costs," which are defined by the statute to include a "reasonable attorney's fee." Although the Copyright Act defines costs to include attorney's fees, the court will generally refer to Lazarev's attorney's fees and his expenses separately.

The plaintiffs contend that Lazarev's motion should be denied because: (1) he waived the right to recover fees by failing to plead them as "special damages" under Fed. R. Civ. P. 9(g); (2) he waived the right to recover fees because he failed to plead them in compliance with Tennessee law, which requires that damages be alleged with specificity; (3) the Russian fee-shifting rule should not apply (a) because it is procedural or (b) because the plaintiffs failed to plead it in compliance with Fed. R. Civ. P. 44.1; and (4) the discretionary factors relevant to a claim for fees under the Copyright Act (§ 505) weigh against awarding fees to Lazarev. Notably, although they challenge whether Lazarev is entitled to recover his fees or expenses at all (*i.e.*, in the aggregate), the plaintiffs do not challenge the reasonableness of the fees and expenses demanded by Lazarev. As a consequence, the plaintiffs have not objected to the rates charged by Lazarev's attorneys, the time those attorneys spent on the tasks identified in their billing records, the fact that Lazarev retained both U.S.-based and Russia-based counsel, or the appropriateness of any particular expenses for which Lazarev seeks repayment.

In response, Lazarev argues that: (1) Fed. R. Civ. P. 9(g) did not require him to plead a demand for attorney's fees and, regardless, the plaintiffs were on notice of his fee request well in advance of final judgment; (2) the Russian fee-shifting rule should apply because (a) under Tennessee choice of law rules, Russian substantive law should govern the fee-shifting issue, and (b) the Russian rule embodies substantive Russian policy; and (3) even if the Russian fee-shifting rule does not apply, Lazarev is entitled to recover his fees and expenses under § 505 for prevailing on the plaintiffs' Copyright Act claim.

## ANALYSIS

### I. Rule 54 and Waiver

#### A. Relevant Procedural Background

After the plaintiffs filed their Complaint, Lazarev appeared *pro se* and wrote a letter in response to the Complaint, which the court docketed as an "Answer." (Docket No. 16.) In the Answer, Lazarev denied that he owed the plaintiffs any money and contended (correctly, as it turned out) that he had received the plaintiffs' authority to record *Almost Sorry*, that he possessed a valid sublicense to record and perform the work after that initial recording, that he had no contractual relationship with the plaintiffs and was not obligated to pay them royalties, and that, if anyone owed the plaintiffs money, it was Style Records. (*Id.*)

On March 2, 2011, the Magistrate Judge (acting on referral) entered a Scheduling Order that included a "target trial date" of February 28, 2012. (Docket No. 16.) With the exception of Lazarev's filing an identical second copy of his Answer on May 31, 2012 (Docket No. 20), the case remained dormant until February 14, 2012, when plaintiffs' counsel inquired about the target trial date. The court ordered the plaintiffs to state whether they had served Style Records (Docket No. 22), after which the plaintiffs voluntarily dismissed Style Records without explanation (Docket No. 24). With leave of court, the plaintiffs filed an Amended Complaint against Lazarev only (Docket No. 31), adding a breach of contract claim against him. On May 16, 2012, Lazarev retained the Everhart Law Firm and filed an emergency motion to extend his time to respond to the Amended Complaint (Docket No. 36). The court granted the motion. (Docket No. 38).

On May 25, 2012, Lazarev filed a Motion to Dismiss the Amended Complaint under Rule 12(b)(6) (Docket No. 39), which the court converted to a Rule 56 motion after the plaintiffs filed materials outside the Amended Complaint in response to it (Docket No. 48). The court initially granted summary judgment to Lazarev. (Docket No. 58.) On September 11, 2012, Lazarev timely moved under Rule 54(d)(2)(A) and Local Rule 54.01 to recover his attorney's fees and

costs.  (Docket No. 60.)  The plaintiffs filed a motion under Rule 59 to alter the court's judgment

in part (Docket No. 64), seeking reconsideration on the U.S. and Russian copyright infringement

claims – but not the breach of contract claim.  The court granted the motion on December 12,

2012, thereby (a) permitting the U.S. and Russian law claims to proceed, and (b) mooting

Lazarev's motion for fees.  (Docket No. 70.)

The court held a case management conference on January 18, 2013.  On February 5,

2013, the court entered a Case Management Order ("CMO") that adopted the parties' joint

proposed case management order.  (*See* Docket Nos. 72 (joint proposal) and 73 (CMO)).  The

CMO set forth deadlines for written discovery and fact witness depositions, expert disclosures,

and dispositive motions.  The plaintiffs did not raise issue with the court that Lazarev had not

filed an Answer to the Amended Complaint.

On September 11, 2013, Lazarev filed a renewed Motion for Summary Judgment (Docket

No. 80), which the court granted on December 10, 2013.  (Docket No. 96.)[3]  Lazarev filed a

renewed motion for fees.  (Docket No. 99).  Because the plaintiffs appealed the court's summary

order (Docket No. 104), the court held Lazarev's renewed fee request in abeyance pending

disposition of the appeal (Docket No. 106).  After the Sixth Circuit affirmed, Lazarev filed the

instant Renewed Motion for Fees and Costs.

The plaintiffs argue that the court should not even reach the merits of Lazarev's Renewed

Motion for Fees and Costs because his original Answer did not plead the recovery of attorney's

fees as a form of "special damages" under Rule 9(g).  The plaintiffs argue that the Sixth Circuit

---

[3] Lazarev moved for summary judgment on the remaining claims (for copyright infringement
under U.S. and Russian law) exactly one year from the date on which he had filed his initial
motion for fees and expenses.

decision in *In re: Am. Casualty Co.*, 851 F.2d 794, 802 (6th Cir. 1988) requires this result. In response, Lazarev argues that Fed. R. Civ. P. 54(d)(2)(A) and Local Rule 54.01 required him to demand fees through a post-trial motion rather in a responsive pleading, that attorney's fees are not "special damages" in a copyright infringement lawsuit, that *American Casualty* should apply only to cases involving the recovery of fees under a contractual fee-shifting clause, and that, even if he should have pleaded a responsive demand for fees, the plaintiffs were on notice from other filings that Lazarev was seeking to recover fees. Despite multiple opportunities, the plaintiffs have not developed their Rule 9(g) argument beyond a one-paragraph explanation. Most importantly, the plaintiffs have not addressed – let alone attempted to rebut –Lazarev's arguments concerning the application of Rule 9, Rule 54(d)(2)(A), and Local Rule 54.01 to this case.

### B. Relevant Law and Application to the Copyright Act Claim

Under Rule 9(g), "[i]f an item of special damages is claimed, it must be specifically stated." The rules do not define what "special damages" are, although most circuits and treatises agree that they are "those types of damages that, although resulting from the wrongful act, are not usually associated with the claim in question and must be plead in order to avoid unfair surprise to the defendant." *Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 923 n.11 (8th Cir. 2004); *see also Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995); *Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1034 (E.D. Tenn. 2007); Wright & Miller, Fed. Prac. & Proc. § 1310, at 347 (3d ed. 2004); 2 James Wm. Moore et al., Moore's Fed. Prac. § 9.08[1][a] at 9-78 to 9-79 (3d ed. 2014). The principal purpose of Rule 9(g) is to give notice to the opposing party of all these types of unusual damages, so as "to protect the defendant against being surprised at trial" and to "permit the most advantageous employment of . . . discovery

procedures."  Wright & Miller § 1310, at 347-48; Moore's Fed. Prac. § 9.08[1][b], at 9-82 to 9-84 ("Allegations of special damages must be sufficient to permit a defending party to begin preparing a defense.  Because the purpose of Rule 9(g) is to give adequate notice to  a defending party of the alleged damages, the more natural or likely or probable the claimed special damages are in connection to the claimed breach of duty, the less particularity is needed."); *accord Lawley v. Northam*, 2013 WL 1786484, at *24 (D. Md. Apr. 24, 2013).

Under Rule 54(d)(2), which was added to the federal rules in 1993, "[a] claim for attorney's fees and related nontaxable expenses *must be made by motion* unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2) (current 2015) (emphasis added).  Rule 54(d)(2)(A) is unambiguous: unless the substantive law requires a party to prove its entitlement to fees as an element of damages at trial, the litigant *must* seek fees by motion.  *See Flynn for AK Peters, Ltd.*, 377 F.3d 13 (1st Cir. 2004); *Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 2512023, at *3 (D. Mont. June 20, 2008); 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc., § 1310 (3d. ed. 2014).  By contrast, where the substantive law *does* require attorney's fees to be proven as an element of damages at trial – such as a claim for recovery of attorney's fees under a contract in which a showing of material breach is required – Rule 54(d)(2)(A)'s motion requirement does not apply.  *See Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.*, 474 F.2d 840, 843 (3d Cir. 1973); *Tipton*, 373 F.3d at 923 n. 10 (8th Cir. 2004) (observing that "[c]ourts have held attorney fees to be special damages primarily in instances when available under a contract between the parties"); *Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354, 358 (4th Cir. 2005).  As the 1993 Advisory Committee Notes concerning Rule 54(d) explain, Rule 54(d)(2) "does not . . . apply to *fees recoverable as an element of damages*, as when sought under the terms of a contract; *such*

*damages typically are to be claimed in a pleading* and may involve issues to be resolved by a jury." (emphases added).

Consistent with Fed. R. Civ. P. 54(d), the local rules of this court require a party to file a demand for costs (including attorney's fees) within thirty days of the underlying final judgment. Local Rule 54.01(b). This rule applies in Copyright Act cases. For instance, in *Sony/ATV Music Publ'g LLC v. D.K. Miller Music Distributors, Inc.*, the plaintiff sued the defendant for copyright infringement under the Copyright Act, and the defendant filed a "counterclaim" for attorney's fees against the plaintiff under § 505 of the Copyright Act. 2011 WL 4729807, at *6 (M.D. Tenn. Oct. 7, 2011). This court *dismissed* the counterclaim, reasoning that "Local Rule 54.01(b) quite clearly provides that a request for attorneys' fees be brought pursuant to a motion within 30 days of the entry of 'final judgment.'" *Id.* "Thus, while Defendant is correct in that 17 U.S.C. § 505 does not expressly bar a counterclaim for attorneys' fees, the Local Rules have established a very clear mechanism by which a party may seek attorneys' fees, and Defendant must comply with that process." *Id.*

Here, with respect to the plaintiffs' Copyright Act claim, there is nothing "unusual" about the recovery of attorney's fees. The Act explicitly confers on a "prevailing party" the right to recover attorney's fees as part of the "costs" of the action, 17 U.S.C. § 505, and the Supreme court has held that the right to recover fees and full costs under the Copyright Act (at the discretion of the court) is equally applicable to successful defendants and successful plaintiffs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527-534 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike[.]"). By invoking a Copyright Act claim and demanding attorney's fees and costs in their Complaint and Amended Complaint, the plaintiffs demonstrated that they understood that the Copyright Act would permit a prevailing party to recover fees.

Moreover, where the balance of factors favors an award of fees to a prevailing defendant, courts routinely award fees to prevailing defendants in Copyright Act infringement lawsuits. *See, e.g.*, *Chambers v. Ingram Book Co.*, 2012 WL 933237, at *7 (E.D. Mich. Mar. 20, 2012) (awarding fees and expenses under § 505 to prevailing defendant); *Pollick v. Kimberly-Clark Corp.*, 817 F. Supp. 2d 1005, 1013 (E.D. Mich. 2011) (same); *Bridgeport Music, Inc. v. Lorenzo*, 255 F. Supp. 2d 795, 801 (M.D. Tenn. 2003) (same).

The plaintiffs' only argument in support of their Rule 9(g) waiver theory is that the Sixth Circuit 1988 decision in *American Casualty* requires a party to plead attorney's fees as an element of special damages in all cases and that the failure to plead attorney's fees precludes the recovery of fees. In *American Casualty*, the surety on a performance bond (American Casualty) filed a declaratory judgment action against the City of Detroit, seeking a declaration that the City's first material breach had relieved American Casualty of its performance obligation, and the City filed a counterclaim. 851 F.2d at 796. After the district court found that American Casualty's insured had committed the first material breach, it awarded the City compensatory damages. *Id.* at 979. However, the district court refused to grant the City's post-trial motion for fees (under a contractual fee-shifting clause) because (1) the City had filed its Rule 54 motion outside the 30-day deadline set by the local rules, and (2) the City had not pleaded a demand for attorney's fees under the contract as part of the damages set forth in its counterclaim. *Id.* at 797-98. On appeal, the Sixth Circuit upheld the district court's determination that the City had waived its right to recover fees by failing to meet the local thirty-day deadline. *Id.* at 801-02. The Sixth Circuit also found, as had the district court, that the City had waived the right to recover attorney's fees because "[c]laims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)" and, therefore, "[i]n the

absence of allegations that the pleader is entitled to attorney's fees, therefore, such fees cannot be awarded." *Id.* at 802 (quoting *Maidmore Realty Co., Inc.*, *v. Maidmore Realty Co, Inc.*, 474 F.2d 840, 843 (3d Cir. 1973)).

Although *American Casualty* contains broad language regarding the scope of Rule 9(g), there are several reasons why it does not govern the situation presented in this case. First, *American Casualty* involved a demand for fees under a contractual counterclaim that (a) required the defendant to plead for an affirmative recovery of money from the plaintiff (including both actual damages and attorney's fees) as a counterclaim, and (b) required the factfinder to determine which party had committed the first material breach as a condition precedent to recovery under the contract. *American Casualty* did not address how to handle a statutory "prevailing party" clause or how Rule 9(g) applies to a defendant's answer, as opposed to a counterclaim. Indeed, the situation here is different: Lazarev was not obligated to assert his claim for fees as a "counterclaim;" in fact, in *Sony*, this court dismissed a defendant's Copyright Act "counterclaim" for attorney's fees under § 505 because Rule 54 and Local Rule 54.01 require a defendant to assert the demand by post-judgment motion. The Copyright Act contains a fee-shifting clause that the *plaintiffs* invoked by bringing this lawsuit, and a prevailing party's discretionary entitlement to fees is an inherent right under the statute's plain terms. *American Casualty* does not suggest otherwise.

Second, *American Casualty* preceded the 1993 amendments to the federal rules, which added Rule 54(d)(2)(A) to clarify that parties may only recover fees by post-judgment motion *unless* the substantive law requires the claim for fees to be proven as an element of damages at trial. Indeed, consistent with the language of Rule 54(d)(2)(A), most courts construing Rule 9(g) after the 1993 amendments have found that attorney's fees constitute "special damages" only

where the claim for fees must be proven at trial.  *See, e.g.*, *Carolina Power*, 415 F.3d at 358; *Flynn*, 377 F.3d at 25-26; *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999 (9th Cir. 2009); *Lawley*, 2013 WL 1786484, at *25-*26 (D. Md.).[4]

Here, under the circumstances, the court finds that Lazarev was not required to plead the recovery of attorney's fees under § 505 of the Copyright Act as a form of "special damages." The plaintiffs were on notice of the prevailing party provision from the time they filed this lawsuit, and they demanded recovery of their own fees under the Copyright Act.  The recovery of fees by a prevailing litigant (including a prevailing defendant) is not "unusual" in a lawsuit under the Copyright Act, which explicitly affords any "prevailing party" the right to recover its fees and full costs at the court's discretion.  Finally, Rule 54(d)(2)(A) and Local Rule 54.01 required Lazarev to assert his "claim" for attorney's fees by post-judgment motion, not through a "claim" against the plaintiffs.  Lazarev did not need to prove his right to entitlement to attorney's fees at any stage of the case; the right to those fees (subject to the court's discretion) was self-executing upon the entry of judgment in his favor.

Regardless, even if Lazarev should have filed an amended answer that included a "claim" for attorney's fees under the Copyright Act, Lazarev's initial Rule 54 motion for fees placed the plaintiffs on notice of his intent to recover his fees under § 505.  After the court mooted that initial motion, the plaintiffs conducted discovery for nearly a year and had a full and fair opportunity to explore all relevant issues *before* Lazarev moved under Rule 56 for judgment in his favor.  The plaintiffs were not "sandbagged" and cannot claim surprise – nor do they.

---

[4] Some circuits have also found that, in light of the 1993 amendments to the rules, attorney's fees generally are not always required to be pled under Rule 9(g) for a defendant to recovery under a contractual fee-shifting clause either.  *See, e.g.*, *Wiley v. Mitchell*, 106 F. App'x 517, 522 (8th Cir. 2004).

Indeed, we have been here before: the plaintiffs previously argued that Lazarev waived his affirmative defenses by failing to file an answer to the Amended Complaint under Fed. R. Civ. P. 8. This court rejected that argument, finding that, notwithstanding his failure to file an updated answer, the plaintiffs were on notice of Lazarev's affirmative defenses at an early stage in the lawsuit, thereby satisfying the purposes of Rule 8. The Sixth Circuit upheld that determination on appeal. (*See* Docket No. 110 at p. 12.) Similarly, as with the Rule 8 pleading issue, any notice function served by Rule 9(g) was satisfied here with respect to the Copyright Act claim. Thus, there is no sensible reason to preclude Lazarev from recovering fees through his renewed motion.

### C. Rule 9(g) and the Remaining Claims

Lazarev also argues that the Russian fee-shifting rule, which appears in Russia's procedural code, entitles him to fees with respect to the Russian law and breach of contract claims.

Whether the recovery of fees in a United States federal court under Russia's fee-shifting rule would be "unusual" – and therefore require Lazarev to plead it – is a more difficult question than his entitlement to fees under the Copyright Act. Under Fed. R. Civ. P. 44.1, "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." As explained in the next section, the court finds that Lazarev is entitled to all of his fees and costs under the Copyright Act. Therefore, the court need not address whether Lazarev was required to plead that he intended to recover fees under Russian law or whether his initial motion for fees placed the plaintiffs on notice for purposes of Rule 9 and 44.1, thereby curing any potential pleading deficiency. The court's holding concerning the application of Rules 9 and 54(d) is therefore limited to the Copyright Act claim only.

## II.  **Recovery of Fees For Different Claims**

Lazarev prevailed on three claims: (1) the plaintiffs' breach of contract claim; (2) the plaintiffs' copyright infringement claim under the Copyright Act; and (3) the plaintiffs' copyright infringement claim under Russian law.  In an effort to identify the law that should govern the fee-shifting issue, the parties debate whether the locus of their relationship was in Russia or in the United States.  In so doing, the parties have collapsed what should be three separate inquiries into one.

The Copyright Act claim does not require a choice of law analysis.  It is a federal law, under which a prevailing litigant may receive fees and full costs at the court's discretion.  Because the plaintiffs brought a Copyright Act infringement claim, the Copyright's Act fee-shifting provision, § 505 – which is substantive law – necessarily applies to the disposition of that claim.  Lazarev prevailed and is therefore entitled to the benefit of that statute, which embodies Congressional policy in favor of prevailing litigants in infringement lawsuits brought under the statute.  *See Fogerty*, 510 U.S. at 527 ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.")

On the other hand, the issue is more complicated with respect to the Russian copyright infringement claim and the breach of contract claim.  The default rule in Russia – for *all* civil cases – is that a prevailing litigant receives his fees and the costs of an interpreter.  This rule derives from the Russian civil procedural code.  *See* Rus. Civ. Proc. Code, Arts. 94, 98, and 100.  By contrast, the American Federal Rules of Civil Procedure do not provide for fee-shifting in civil cases, except for the taxation of "costs" under Rule 54.  Thus, with respect to the Russian Copyright Act claim, there is a potential *Erie* choice of law issue: is the Russian fee-shifting rule

13

a "procedural" or "substantive" rule?  If it is procedural, then this court would apply only the default federal procedural rules (to the extent there is a conflict), and Lazarev would not be entitled to fees independently of his entitlement to fees under the Copyright Act.  By contrast, if the rule is substantive, then this court would apply the Russian fee-shifting rule (*i.e.*, substantive law), and Lazarev is independently entitled to his fees under Russian law (as well as under the Copyright Act).  On this issue, Lazarev has identified one district court that held that, in a case involving the application of foreign law, the "English Rule" was substantive for *Erie* purposes. *See RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 218 (S.D.N.Y. 2006).  The plaintiffs offer no legal authority in response.

This choice of law issue for the Russian copyright claim is a difficult question that the plaintiffs have failed to address meaningfully.  As explained in the next section, the court finds that Lazarev is entitled to his fees and expenses under the Copyright Act.  Therefore, rather than rule on the Russian choice of law issue on a thin legal record (and potentially create precedent on a difficult issue that requires better treatment than the plaintiffs have given it), the court will award fees to Lazarev under the Copyright Act and will decline to rule on his entitlement to fees under Russian law.[5]

### III.  Copyright Act Claim

#### A.  Entitlement to Fees

Under the United States Copyright Act, 17 U.S.C. § 505, a court "may . . . award reasonable attorney's fee to the prevailing party . . . ."  The court's discretion to award fees "is to

---

[5] The court therefore need not address where the "locus" of the parties' relationship is for choice of law purposes relative to the breach of contract claim.  The court notes, however, that Lazarev persuasively argues that the relevant factors strongly suggest that Russian substantive law would govern the breach of contract claim.

be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act." *Bridgeport Music v. Diamond Time*, 371 F.3d 883, 893 n.7 (6th Cir. 2004). As the Supreme Court has stated, "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright," making the right to recover attorney's fees under the Copyright Act equally applicable to successful plaintiffs as successful defendants. *Fogerty v.* 510 U.S. at 527; *see also Diamond Time*, 371 F.3d at 897 (upholding award to prevailing defendant); *Bridgeport Music, Inc. v. Lorenzo*, 255 F. Supp. 2d 795, 801 (M.D. Tenn. 2003) (granting attorney's fees to prevailing defendant).

In determining whether an award to a prevailing party (including a prevailing defendant) is warranted, the court may consider non-exclusive factors including "frivolousness, motivation, objective unreasonableness (factual and legal), and the need to advance considerations of compensation and deterrence." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th Cir. 2005); *see also Diamond Time, Ltd.*, 371 F.3d at 894.

In their Response to Lazarev's motion, the plaintiffs act as if this court's decision and the Sixth Circuit decision on appeal never happened. They argue that Lazarev had no contractual right to use their song (the court found that he did, pursuant to a valid sub-license with Style Records), that he breached both U.S. and Russian copyright law (the court found that he did not), that his sub-license to use the song expired on November 20, 2011 (the court found that it expired in May 2013), that he used the work illegally after November 20, 2011 (the court found that he did not), that he illegally recorded and performed the work before 2008 (the court found that he did not), and that he engaged in infringing conduct after May 2013 (the court found that

15

he did not). The plaintiffs offer no explanation why – taking this court's findings as a given, which the plaintiffs should have – their pursuit of claims against Lazarev was objectively unreasonable. Crying over spilled milk is insufficient.

To the contrary, as this court has detailed in previous opinions, the plaintiffs never settled on a coherent legal theory of liability against Lazarev. From their Complaint through judgment in the case, they lurched from one theory of liability to another, none of which was consistent with the factual record, and many of which were frivolous. To take just a few examples:

- They asserted a "breach of contract" claim against Lazarev, even though they had never entered into a contract with him and had no basis to recover royalty payments from him. The contract entitling them to royalties was with Style Records.

- Their Complaint and Amended Complaint contained material misrepresentations and omissions about the licensing history of *Almost Sorry*. In particular, they represented that they had orally agreed to the Second License Agreement on November 20, 2006 and that they had "executed" that agreement in "mid-2007." In fact, the plaintiffs actually signed the agreement in *mid-2008* and had no oral agreement with Style Records before that time. The plaintiffs later admitted that they had intentionally *backdated* the mid-2008 agreement to November 20, 2006 in an effort to create the false impression that they had reached an agreement with Style Records before they entered into a Sub-Publishing Agreement with Levant & Partners.

- The plaintiffs took inconsistent legal positions regarding the Second License Agreement. Their Complaint and Amended Complaint asserted that they had executed the Second License Agreement and were entitled to payment under it. After they failed to serve Style Records and voluntarily dismissed it from the lawsuit, the plaintiffs proceeded only against Lazarev, switched course, and argued for the first time that the contract referenced in their pleadings was *invalid* for lack of consideration. That position was inconsistent with other allegations in the Amended Complaint and, most importantly, it was not true. As the plaintiffs testified, they received advance payments from Style Records under that agreement, and their concern was continued *performance* under the agreement, not lack of consideration for the contract's formation. At summary judgment, the plaintiffs advanced another spurious argument that contradicted the Amended Complaint, contending that the contract was never executed because they did not receive a signed copy from Style Records. Again, this position contradicted both the Amended Complaint and the factual record: the plaintiffs had alleged that the

agreement was binding, the record demonstrated their manifest assent to the contract's validity and enforceability, and the plaintiffs testified that they were hoping to recover under the contract, not to disavow its enforceability.

- The plaintiffs took inconsistent positions regarding whether Lazarev possessed a valid sub-license before 2008. The plaintiffs initially took the position that Lazarev appropriately recorded *Almost Sorry* before 2008 and that the plaintiffs were therefore entitled to royalties relative to exploitation of that recording and other performances of the song. However, at summary judgment, the plaintiffs reversed course and contended, for the first time, that Lazarev did not have a valid sub-license *before* 2008. Aside from contradicting their earlier litigation position, the plaintiffs' summary judgment argument contradicted the factual record, including the plaintiffs' own deposition testimony. The plaintiffs testified that they authorized Lazarev to record the work before 2008, and the series of agreements that they executed all reflect their authorization for Lazarev to record the song and for Style Records to exploit his recordings and performances.

- The plaintiffs argued that Lazarev had violated their copyright by performing or otherwise profiting from *Almost Sorry* after May 2013, but they failed to present any evidence to support this contention.

Aside from pursuing these meritless positions, the plaintiffs also prolonged the litigation in other ways. They did not seek to resolve their concerns with Lazarev before filing this lawsuit. They failed to present essential materials to the court until after the court initially granted summary judgment, resulting in additional briefing. They failed to prosecute their claims against Lazarev for nearly a year after filing the Complaint. And they failed to file an action in Russia to rescind the Second License Agreement, even after the court's August 22, 2012 opinion stated that they had this right and should likely exercise it.

Taking these circumstances into account, the plaintiffs' lawsuit against Lazarev was objectively unreasonable – both legally and factually. Their Complaint and Amended Complaint reflected a failure to properly investigate the facts, their legal theories shifted repeatedly without coherence, they advanced claims and took positions inconsistent with the factual record (including their own deposition testimony), they dragged their feet in pursuing the claims once

they filed the Complaint, and they did little to develop any potential claims against Lazarev.[6] As the court previously emphasized, the record suggested that Style Records – not Lazarev – may have wronged the plaintiffs by failing to pay them sufficient royalties. Nevertheless, they dropped Style Records in favor of pursuing Lazarev, who was not legally (or practically) responsible for Style Record's conduct.

Other factors also favor an award to Lazarev. Awarding fees and expenses to Lazarev will deter copyright holders from the futile pursuit of unreasonable claims, such as those advanced here. *Diamond Time, Ltd.*, 371 F.3d at 896; *Maljack Prods. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996). Moreover, as Lazarev maintained from the outset of this lawsuit, he did nothing wrong by recording and performing *Almost Sorry* during the duration of a valid sub-license to do so. Without a reasonable basis to do so, the plaintiffs continued to pursue claims against Lazarev long after it became clear that he was not the responsible party. Thus, Lazarev should be compensated for the substantial fees and costs he incurred in defending himself against the plaintiffs' claims. *See Chambers*, 2012 WL 9393237, at *5 ("An award of costs and fees to [the defendants] ensures that, despite the heavy cost of litigation without any monetary award, they can defend and enforce their rights against such frivolous cases without resorting to settlement.") The court therefore finds that Lazarev is entitled to his attorney's fees and expenses under § 505.

### B. Reasonableness of the Fees

After a finding that fees and expenses are warranted to the prevailing party under 17

---

[6] The plaintiffs deposed Lazarev. The record contains no indication that the plaintiffs deposed any other witnesses or that they conducted discovery of any other entities, including Style Records, an entity of central importance to the lawsuit.

U.S.C. § 505, the lodestar method is used to calculate the reasonable fees and expenses. *Hensley*, 461 U.S. at 433. In setting a "reasonable" fee award, "the starting point is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008); *see also Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004); *Adcock-Ladd v. Sect'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). Once the lodestar is determined, "[t]he trial judge may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd*, 227 F.3d at 349. In calculating the lodestar, the court should exclude any hours that were not "reasonably expended" or that were "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 4374 (1983). The party seeking fees has the burden of documenting the amount of fees they are requesting. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007); *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

Lazarev seeks to recover $80,295.50 in costs and fees incurred in defending this case. Lazarev retained two firms to represent him. The first firm is the Everhart Law Firm, which is based in Nashville. The firm billed attorney Amy Everhart at $275 per hour, attorney Maria A. Spear at $200 per hour, outside counsel Jennifer Lawson at rates between $250 and $275 per hour, and intern Laura Leighton at $150 per hour. The record contains declarations from Ms. Everhart that attach invoices containing detailed itemized time entries. The time entries include the date of the task performed, the legal professional performing it, the time spent on the task, and the total amount billed for that task. The time entries relate to work performed from the date that Lazarev retained the Everhart Law Firm through November 24, 2014, when Lazarev filed his renewed motion for fees following appeal. The declarations also include invoices for

interpreter services, court reporter services, and transcripts. The Everhart Law Firm invoices reflect a total of $54,002.50 in fees and $2,760.00 in expenses, for a total of $56,572.50.

The second firm is the Russian law firm Yakovlev and Partners, which is based in Moscow. Y&P billed Lazarev for work performed by one attorney, Ilya Mikhailenko, at a rate equivalent to $260 per hour. In her two declarations, Ms. Mikhailenko has provided itemized billing records from Y&P. Each entry includes the date of the work performed, a detailed description of the task performed, and the total amount billed for each task. The time entries relate to work performed by Ms. Mikhailenko though November 21, 2014. The Y&P invoices reflect $23,533 in fees.

The plaintiffs, despite three chances to do so, have not challenged the reasonableness of the fees and costs demanded by Lazarev. Based on its own evaluation of the record, the court finds that all of the fees and costs demanded were reasonable and necessary to Lazarev's defense of this litigation. In addition to U.S. counsel, Lazarev justifiably retained counsel in Russia because the case involved Russian law, documents written in Russia, translation from English to Russian (for Lazarev to understand the nature of the legal proceedings in this court), and Lazarev's actions in Russia. The invoices from both the Everhart Law Firm and Y&P contain sufficient detail to establish the nature and time performed on each task. Furthermore, the line items appropriately track the different stages of this case: claim and defense evaluation, initial dispositive motion practice, discovery, case management conferences, motions for summary judgment, drafting briefs on appeal, drafting post-judgment motions for fees, and the like. The number of hours spent on each of these tasks was reasonable. Moreover, defending the Copyright Act claims involved essentially the same facts and tasks as defending the Russian law

claims.[7]  The plaintiffs do not contend otherwise.

Furthermore, the attorney billing rates (ranging from $150 to $275) are reasonable.  As set forth in the First Everhart Declaration, Ms. Everhart has practiced copyright and entertainment law in this district for over 15 years, Ms. Spear has worked on intellectual property cases since graduating from law school in 2009, including work both in the United States and abroad, and Ms. Lawson has practiced civil litigation, including cases involving contract disputes and copyright disputes, for over twenty years.  These attorneys are highly qualified in the type of work required to defend this case, the stakes in the case were high for Lazarev, and the Everhart Law Firm charged Lazarev an appropriate amount for these services.[8]  Similarly, Mikhailenko has practiced law in Russia for 16 years and performed tasks reasonably related to the case.  She avers that $260 per hour is consistent with the rates charged for similar services in Russia, a representation that the plaintiffs do not challenge.

With respect to the expenses, the court finds that all of the expenses were reasonably incurred and reflect appropriate charges for the services involved.  These include expenses for translation services, court reporting services, and depositions transcripts, all of which were necessary to Lazarev's defense of this case.

The plaintiffs have not argued that any downward departure from the lodestar is warranted, nor does the court find any basis in the record to vary downward from the full fees

---

[7] It is conceivable that some small fraction of time may have been attributable only to the Russian law claims.  However, the plaintiffs have not argued for any distinction in this regard.

[8] Law school intern Laura Leighton appears on a single time entry of 1.5 hours for performing legal research concerning Fed. R. Civ. P. 59(e) on October 4, 2012 at a rate of $150 per hour. (Second Everhart Declaration, Ex. 4.)  The reduced rate for Ms. Leighton's services on this single occasion was reasonable.

and costs requested by Lazarev.

In sum, the court finds that Lazarev is entitled to receive all of his fees and expenses, which total $80,295.50.

## **CONCLUSION**

For the reasons stated herein, Lazarev's motion will be granted.  Under § 505 of the Copyright Act, the court will award fees and costs to Lazarev in the amount of $80,295.50.  The court expresses no opinion as to whether Lazarev is also entitled to fees under Russian law.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge